## No. 10,322.

HEIRS OF GEE VS. G. W. THOMPSON AND A. H. BURNS.

HEIRS OF GEE AND SAUNDERS VS. G. W. THOMPSON — A. H. BURNS, THIRD OPPONENT.

HEIRS OF GEE AND SAUNDERS VS. A. H. BURNS, GARNISHEE.

CONSOLIDATED.

The husband may become a creditor of the community for amounts of his separate funds invested for the benefit of the community.

At the dissolution of the community the husband's judgment creditors may claim all the rights and credits accruing to him from the community.

The heirs and legatees of the wife, if they accept the community, will become liable for the debts of the same to the extent of their shares therein.

To entitle the husband to claim as a creditor of the community, the law demands substantial proof that the amounts were actually invested by him in the community.

It is not sufficient to prove that during the marriage the husband received large amounts of separate funds, if it appears that he spent a portion for his own pleasure and convenience and those of his wife ; that he lost another portion by unfortunate loans, or by investment in securities which he afterwards disposed of.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

*Scarborough & Carver* for Plaintiffs and Appellants.

*Jack & Dismukes* contra.

The opinion of the Court was delivered by

POCHÉ, J.   The transcript in this appeal contains the proceedings of a conglomeration of six distinct suits which were consolidated for trial in the District Court for the alleged convenience of the numerous parties thereto and of their counsel, but, as it happens to the great inconvenience of the Appellate Court, whose labors have thus been increased to an intolerable degree, we, therefore, desire to be understood as discountenancing such a mode of proceeding.   These numerous suits were not between the same parties, or parties in the same capacity, and rested on different and varied causes of action.

Fortunately for the court and other litigants having business before it, the appeal has been abandoned in three of the cases thus cumulated, and our labors have thereby been confined to the examination of three of the aforesaid suits, as enumerated in the title of this opinion.

## I.

The first of these suits is an action for damages on an injunction bond against G. W. Thompson as principal and A. H. Burns as surety.

It grows out of the following facts and proceedings :

In the matter of "The succession of B. L. Saunders on opposition of Saunders Heirs and Gee Heirs," this court rendered a judgment, reported in 37 Ann., p. 769, against G. W. Thompson, in favor of the heirs of Saunders, in the sum of $3444 44, and in favor of the heirs of Gee for legal interest on that sum from June 17, 1874, to the death of Hannah P. Gee, who had been the usufructuary of the fund due to the Saunders heirs.

Execution of that judgment having been issued at the instance of the Gee heirs, Thompson sued out an injunction on certain grounds, which were held untenable by this court in the case entitled: "State ex rel. Heirs of Gee vs. Drew Judge," reported in the 38th of Annuals, p. 274. Under the effect of that judgment the injunction fell, and the seizing creditors then brought the present suit for damages, which resulted in a judgment in their favor for the sum of $324 12.   In this court they have prayed for an increase of the allowance in their favor up to $365 52.

Appellants' counsel have been utterly reticent, both in oral argument and in their brief, on the subject of that suit, thus leaving but one question open for discussion; and that presents appellee's demand for an increase of the judgment in their favor.   The district judge allowed as damages the actual losses sustained by the seizing creditors, with interest of 10 per cent per annum on the amount of the execution enjoined, which was $1614 58.

Appellee's contention on appeal is that, under the provisions of Article 304 of the Code of Practice, they are entitled to interest of 10 per cent per annum on the amount of their execution, for three months and five days, and damages of 20 per cent on the same, which, together, would foot up $365 52. As it appears from the decision of this court, in 38 Ann. 274, that the proceedings instituted by Thompson were a reprehensible abuse of the remedy of injunction, we think that the contention of appellees is well founded, and we shall, therefore, allow them the increase which they request at our hands.

## II.

As the two other suits involve issues closely blended together and present the combined and continued efforts of the heirs of Gee and of Saunders to recover on the judgment rendered in their favor jointly in the case of the succession of B. L. Saunders, 37 Ann. 769, we shall, as did the district judge, treat them together and dispose of both in the same decree. While the litigation between Thompson and these parties was progressing, Mrs. Sallie E. Burns, wife of G. W. Thompson, brought suit against him for the recovery of her paraphernal funds, and for the dissolution of the community; in which the heirs of Gee and of Saunders intervened for the purpose of protecting their rights as judgment creditors of Thompson. That litigation, which is reported under the title of "Burns vs. Thompson," in the 39th of Annual, p. 377, resulted in a judgment in favor of the wife for $1972 24 for her paraphernal funds, with recognition of a legal mortgage, dissolved the community between the spouses, and reserved the right of the wife to claim against her husband such additional sums as he might have received for her out of the succession of one of her sisters.

Shortly thereafter Mrs. Thompson died without issue, leaving a will by which she instituted her brother, A. H. Burns, the appellant herein, as universal legatee. Having accepted the legacy, Burns made himself a party by third opposition to the litigation pending between Thompson and his judgment creditors. His main contention was his alleged superior mortgage to secure the amount of his sister's paraphernal funds as recognized by our decree in the case of "Burns vs. Thompson," 39 Ann. 377, together with an additional sum of $1611 87, under the reservation made in her favor in our decree. It is conceded by appellees that the sum total of Mrs. Thompson's paraphernal funds, received by her husband, would thus be footed up to $3584 11. But the priority of mortgage claimed is denied for reasons to be hereinafter considered.

These are the issues presented in the second of the above entitled causes.

The third suit is an action by appellees against Burns as garnishee, and it involves the contention that the indebtedness of the community to Thompson largely exceeds the amount of the wife's paraphernal funds as judicially determined, and that the share of the community accruing to the legatee after satisfaction of the amount due to the deceased, was liable to Thompson and incidentally to his judgment creditors for the excess in his favor under a proper liquidation of the community.

The district judge found that Burns, the appellant, had accepted the community as well as the succession of his sister as unconditional heir; hence he ruled against him on his third opposition for superiority of mortgage; and he held him a debtor to the community in the sum of $3032 94, to be paid out of the proceeds of the community then under seizure.

These are the two decrees which we must now review. But they are depending upon issues closely blended together, and hence they can be controlled by the same considerations.

The agreement of counsel for the consolidation of the cases in the transcript contains the following stipulation :

"That all objections to the mode of proceeding shall be and are hereby waived, and said cases shall be submitted to the court as a matter of account to be liquidated."

We shall, therefore, treat the two cases as presenting but one issue, which involves the proper liquidation of the community once existing between G. W. Thompson and Sallie E. Burns, his wife.

The solution of the case involves the discussion of three propositions, which are as follows :

1. The right of Thompson's creditors to enforce their judgment against any balance which may be found in his favor in the liquidation of the community.

2. Whether Burns has or not accepted the succession and the community of the deceased as an unconditional heir.

3. To ascertain whether Thompson is a creditor of the community.

I.

Under the settled jurisprudence of the State it is undeniable that the husband may become a creditor of the community for any amount of his separate funds actually invested by him for the benefit of the community; and that at the liquidation thereof he is entitled to be reimbursed all such sums. Denègre vs. Denègre, 30 Ann. 275 ; Succession

of Merrick, 35 Ann. 296; Succession of Boyer, 36 Ann. 506; Bartoli vs. Huguenard, 39 Ann. 411.

And it has been held on abundant authority that the husband, as such creditor, "is entitled, like any other creditor, to have the community property sold in satisfaction thereof, [in order that the residue, if any remaining in common, may be ascertained." Succession of Merrick, 35 Ann. 297.

Now it is an elementary proposition, needing no support by authority or even by argument at this stage of judicial history, that the judgment creditors of an insolvent can claim all of his available means and resources not exempt from seizure by law, and that to reach the same they are legally authorized to exercise all the rights and to judicially urge all the claims and demands which he himself could do in his own behalf.

Hence we conclude and we hold that the judicial standing of appellees in this case to claim all that may accrue to Thompson as a creditor of the community heretofore existing between his wife and himself, is unassailable.

We have been at great pains, at the cost of tedious labor, to examine the almost innumerable authorities which appellant's counsel submit on this point.

But they have no bearing on the two propositions which underlie the right of action claimed by appellees in this case.

Appellant's proposition is that "in no case, and under no form of action, can an antenuptial creditor of the husband be allowed to provoke a liquidation and settlement of the affairs of the conjugal partnership with the view and to the end of ultimately subjecting the community interest of the wife to the payment of his debt."

If such was the nature of the case before us, there would be no room for discussion under textual provisions of the code. But there is no attempt here to subject the community interest of the wife to the payment of the husband's debts contracted before his marriage.

The object sought is to ascertain whether the community is indebted to the husband, and to claim therefrom the amounts which may be due to him, and to subject these, *his property*, to the payment of his debt contracted before marriage.

II.

On the second point of discussion we are convinced, with the district judge, from the record, that Burns has accepted the succession of his sister as an unconditional heir, and that, by his judicial declarations,

and by other acts, he has evinced his unmistakable intention of accepting the community hitherto existing between these spouses.

Hence he must be dealt with as if we were considering the legal attitude of the wife herself who had accepted the community after its dissolution by our judgment in the case of Burns vs. Thompson, 39 Ann. 377. Having accepted the community she would become liable for its debts to the extent of her share therein. Collins vs. Babin, 16 Ann. 290; Lynch vs. Benton, 12 Rob. 113; Ludeling vs. Felton, 29 Ann. 719. And that is precisely the measure which must be meted out to the appellee Burns in his present attitude in the litigation.

## III.

On the third point of investigation the district judge found an indebtedness of the community in favor of the husband in the sum of $9650, from which he deducted the amount of the wife's paraphernal funds, $3584 11, leaving a balance to the credit of the husband amounting to $6065 89, one-half of which is extinguished by confusion, thus leaving the husband a creditor in the sum of $3032 94, for which judgment was rendered against Burns, the appellant.

The credit, as found in favor of the husband, was composed of the following amounts found by the judge to have been invested and used for the benefit of the community by the husband, out of his separate funds, to-wit:

Proceeds of an immovable sold after marriage and used for
    the community ..................................... $  900 00
Cost of a pleasure trip for himself and wife ................. 2,000 00
Amount invested in railroad stock ........................ 800 00
Amount of a loan to commercial firm, which subsequently
    failed, causing loss of ................................ 1,500 00
One-fourth cost of a steam engine and fixtures.............. 750 00
Other funds used for community .......................... 3,700 00

    Total......................................... $9,650 00

We are satisfied from the record that besides the amount realized from the sale of a piece of immovable property, which forms the first item, Thompson inherited in 1870, from the succession of a cousin of his, about $10,000.

But the crucial question is to ascertain what proportion of those funds he invested for the benefit of the community. On that point the burden of proof is on the husband or those claiming under him.

The rule which governs the question has been formulated as follows:

"The law demands substantial proof that the amounts were actually

invested in the community by the husband." Succession of Rhodes, 39 Ann, 474; Succession of Foreman, 39 Ann. 700; Succession of Breaux, 38 Ann. 728; Succession of Boyer, 36 Ann. 506.

And it is also settled that the solution of these claims must be made on the *status* of the community as its dissolution. Thibodaux vs. Thibodaux, 16 La.; Bartoli vs. Huguenard, 39 Ann. 411.

The measure of the rule is not filled by proof that during the marriage and under the *regime* of the community, the husband received large amounts of separate funds, which he spent or used at his will, or which he invested in loans which he subsequently lost, or in values or securities which he afterwards sold. It must be borne in mind that the husband is head and master of the community which he administers without the consent and permision of his wife. C. C. 2404. *A fortiori* can he thus dispose of his own property and funds.

Hence it follows that the amount spent by Thompson for a pleasure trip with his wife, the loan which he made to an unfortunate firm, the investment which he made in railroad stock, are not legal charges against the community, and that these three items must be stricken out of the credits allowed him.

Appellees' counsel have prayed for an increase of the allowance for machinery bought with the husband's separate funds. The proof is that the machinery was placed on a plantation, one-half of which belonged to the husband alone, and the other half to the community. One-half of the cost should have been charged to the community, instead of one-fourth, as was done.

We are satisfied of the correctness of the two other charges made by the district judge, to-wit: The sums of $900 and $3700 which were used for the benefit of the community, mainly by enhancing the value of its property.

We, therefore, conclude that the account between Thompson and the community should be recast, as follows:

Thompson's credits:

| | |
|---|---:|
| Funds realized from the Minden property | $  900 00 |
| One-half cost of machinery | 1,500 00 |
| Other funds used for the community | 3,700 00 |
| Total | $6,100 00 |
| Deduct paraphernal funds of wife | 3,584 11 |
| Balance credits | $2,515 89 |
| Extinguished by confusion | 1,257 95 |
| Balance in favor of Thompson | $1,257 94 |

It is, therefore, ordered that the judgment appealed from in the case of heirs of Gee vs. Thompson, and A. K. Burns as surety, be amended by increasing the amount allowed to plaintiffs, as damages, from $342 12 to $365 52, and that as thus amended said judgment be affirmed at appellant's costs.

It is further ordered that the judgment appealed from in the two other cases, as entitled in this opinion, be amended by decreasing and reducing the amount of the moneyed judgment against A. II. Burns $3032 94 to ($1257 95) Twelve Hundred and Fifty-seven Dollars and Ninety-fixe Cents, and that, as thus amended, said judgment be affirmed at appellee's costs on appeal.

Mr. Justice Watkins recuses himself.